# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| JAMES E. ANDERSON, SR., | |
| Petitioner, | 2:20-cv-128 |
| v. | |
| JERMAINE WHITE, | |
| Respondent. | |

### ORDER

The Magistrate Judge issued a Report, recommending the Court deny Petitioner James Anderson's ("Anderson") 28 U.S.C. § 2254 Petition. Dkt. No. 19. Anderson filed Objections and "Second Objections" to this Report and Recommendation.[1] Dkt. Nos. 22, 23.

The Court reviews de novo a magistrate judge's findings to which a movant objects and for clear error on the portions of a report and recommendation to which a movant does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (citing Macort v.

---

[1] The Magistrate Judge forewarned Anderson any objections exceeding this Court's 26-page limit will not be considered. Dkt. No. 21 (citing Local R. 7.1). Thus, the Court will only consider Anderson's "first" Objections, which consist of 26 substantive pages. Dkt. No. 22 at 3-28. The Court notes, however, Anderson does not provide any additional grounds to reject the Report and Recommendation in his "Second Objections," dkt. no. 23, even if the Court were to consider these Objections.

Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (outlining the standard of review for reports and recommendations)).

In his Objections, Anderson asserts the Magistrate Judge "put forth a potpourri of review standards" because the Magistrate Judge used the terms "improper application," "incorrect application," and "much less in an objectively unreasonable way." Dkt. No. 22 at 4-5. Anderson's argument lacks any merit. The Magistrate Judge set forth the correct standard of review for § 2254 petitions, as set forth in 28 U.S.C. § 2245(d), and provided the clearly established law applicable to claims of ineffective assistance of counsel, which is Strickland v. Washington, 466. U.S. 668 (1984). Dkt. No. 19 at 8-12. The Magistrate Judge then applied Strickland to the correct standard of review in thoroughly analyzing Anderson's ineffective assistance of trial and appellate counsel claims. Id. at 13-32. The Magistrate Judge's use of "improperly" or "incorrect" in some subheadings has no bearing on his analyses or the conclusions he reached at the end of his analyses: Anderson fails to show the particular state court applied Strickland in an unreasonable manner. The Magistrate Judge did not conflate any standards, and Anderson's argument on this point lacks merit.

Anderson also objects to the Report and Recommendation by pointing to testimony already presented and rehashing arguments already raised. E.g., Dkt. No. 22 at 8-15. These Objections are also without merit. The Magistrate Judge fully considered

2

Anderson's arguments and the testimony Anderson points to in his Objections. Anderson does not demonstrate the Magistrate Judge failed to consider Anderson's arguments or failed to consider any material testimony from earlier proceedings. Ultimately, Anderson fails to show any reason the Court should reject the Magistrate Judge's findings and conclusions of law. Anderson also fails to meet his burden of showing the state courts applied Strickland in an unreasonable manner and, thus, is not entitled to habeas relief.

After an independent and de novo review of the entire record, the Court **OVERRULES** Anderson's Objections. I concur with and **ADOPT** the Report and Recommendation as the opinion of the Court and **DENY** Anderson's 28 U.S.C. § 2254 Petition. I also **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Anderson *in forma pauperis* status on appeal and a Certificate of Appealability.

**SO ORDERED**, this 13 day of March, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA